No. 1914.—HENRY WARE & SON *v.* JOHN G. WILSON.

In a suit to make the sheriff liable on a bond for the release of property under seizure, parol evidence is admissible to show that the sheriff has never parted with the possession of the property under seizure. The sheriff may show, also in a case of this kind, under what circumstances the bond made its appearance in the record.

Where the return of the sheriff on the writ of *fieri facias* contradicts the recitals in the face of the bond of release, the entries made by the sheriff will control.

A bond of release, executed by the seized debtor, is of no force until the seized property is released by the sheriff.

In a rule against the litigants for costs, the sheriff will be restricted to the charges allowed by law, and if any of the items are overcharged they are forfeited.

APPEAL from Sixth District Court, parish of Orleans. *Cooley, J. Brice & Mitchel, Bradford, Lea & Finney*, and *Semmes & Mott*, for appellants. *Race, Foster & E. T. Merrick*, for appellees.

HOWELL, J. The record in this case presents two appeals taken by the sheriff of the parish of Jefferson—one from a judgment decreeing him to be liable on a bond alleged to have been received and accepted by him for the release of certain horses sequestered herein; the other from a judgment on a rule taken by him on plaintiffs for the payment of his costs.

The first judgment is erroneous. The return of the sheriff on the writ of sequestration, to which the bond in question was attached, as appears only by the minute or note of the clerk of the court, does not show that the property was released; but, on the contrary, shows that a keeper thereof was appointed, and makes no mention of a bond of release. Upon this return, and the answer of the sheriff, it was competent for him to introduce parol proof that he had never parted with the possession of the property, but still held it by virtue of the writ. The evidence offered did not contradict, but rather supported his return, and we can see no good reason why he should not, in defense to the plaintiffs' rule, be permitted to show how the bond made its appearance among the papers of the suit, or was attached to the writ, the return on which, and not the recitals in the bond, must control. The bond is necessarily drawn up and signed before there can be a release and delivery of the property, and its terms and conditions are prescribed by the law, while the return on the writ is the act of the sheriff, and must show what he has done under it. The appearance of the bond in the papers of the suit, and attached as it was to the writ, does not necessarily conclude the sheriff, and should not have misled the plaintiffs, for these very documents (the writ, the return thereon, and the bond as attached), offered to sustain their objection, were well calculated to notify them that there was at least some doubt as to whether the property had been released. The act of 1839, p. 168, sec. 18, on which they rely, says: "In all cases where property attached, sequestered or provisionally seized, *shall be released* on the defendant executing a bond with security, the sheriff shall be bound to return the bond so taken by him into court in the same manner as is provided for bail bonds." This law clearly contemplates a *release* of the property, and its delivery to the party executing the bond, which thus represents and takes the place of the property; but if, in point of fact, the property is not released, but is still held under the writ, the bond receives no vitality. When the bond is executed, accepted, and the property released, the writ is thereby set aside, all of which must appear by the return of the sheriff on the writ. C. P., art. 279, 282.

We deem it proper here to remark that the record contains no evidence that either the defendant or plaintiffs ever applied for an order to bond the property. A rule for the purpose was taken by one of the intervenors to bond *a part*, which was accepted by the sheriff, but does not appear to have been served on either plaintiffs or defendant. It is true the judge, more than a month after it was filed, rendered an order thereon directing the sheriff to permit defendant to give bond, but this action seems to be *ex parte* and irregular.

The evidence which was excluded is in the record, and satisfactorily shows that the sheriff has not given up the possession and control of the property. What may be his liability for allowing one of the horses

to be taken to another parish, and subjected to seizure there, and for permitting him to be used, is a question that does not arise in this proceeding.

As a sequence to this conclusion, the judgment on the rule taken by the sheriff, which limited his demand for costs to the date of the alleged release, must be changed, and his legal costs allowed to the date claimed in the rule, subject to a credit of five hundred and sixty dollars paid by plaintiffs.

Section twelve of the act of 1855 (p. 166), amended in 1867 (p. 341), designates what fees of office the sheriff "shall be entitled to demand, and *no more.*" Sections two and three of the former act declare that an overcharge of any item shall work its forfeiture, and forever bar the clerk or sheriff from collecting the same.

Most of the fees of office in the bill before us are overcharged, not allowed by the fee bill, or improperly charged to the plaintiffs in the suit. The items for executing the writ of sequestration, and the mileage, are overcharged, and therefore forfeited. The charge for "sequestering," as a separate item, those for appointing and discharging keepers, for the notice of sequestration, return thereon, and mileage, for making inventory and returning the writ, being included in the charge for *executing* the writ, are not allowable. The items for service and return of petition and citation, being overcharged, are forfeited. The fees in the various interventions are chargeable to the plaintiffs therein irrespectively, and not to the plaintiffs in the main action. The charges in favor of the sheriff of the parish of Orleans, and those for witnesses sent for by order of the court are not sustained by evidence. The following fees of office in the bill filed July 24, 1868, amounting to twenty-three dollars, are all that can be allowed against the plaintiffs in this proceeding, to wit: December 10, 1867, subpena *duces tecum* and mileage, $2 50; rule and mileage, $2 50; December 16, rule and mileage, $2 50; three subpenas and mileage, $5 70; December 17, motion, order and mileage, $2 50; two subpenas and mileage, $3 80; February 19, 1868, two rules and mileage, $3 50. There were eleven animals under seizure, for the keeping of which, the evidence authorizes an allowance of $8 75 per day, which, for the time embraced in the rule, from November 20, 1867 to June 1, 1868, (one hundred and ninety-four days), amounts to $1697 50. The charge of twenty-five dollars for moving property is also established, making, in all, a total of $1745 50, subject to a credit of five hundred and sixty dollars.

It is therefore ordered that the two judgments appealed from herein be reversed, and it is now ordered that there be judgment in favor of J. T. Michel, sheriff, dismissing the rule taken on him by the plaintiffs, H. Ware & Son, on the twenty-fourth January, 1868; it is further

ordered that the rule taken by J. T. Michel, sheriff, on plaintiffs, H. Ware & Son, on thirteenth June, 1868, be made absolute, and that he recover of said H. Ware & Son, *in solido*, the sum of $1745 50 for his costs and charges up to first June, 1868, subject to a credit of five hundred and sixty dollars paid thereon, and that said Ware & Son, appellees, pay costs of these proceedings in both courts.